UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BOBBIE I. SMITH,<br><br>        Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>        Defendant. | Case No. CV 15-02472-DFM<br><br>MEMORANDUM OPINION AND ORDER |

      Plaintiff Bobbie I. Smith ("Plaintiff") appeals the final decision of the Administrative Law Judge ("ALJ") denying her applications for Social Security disability benefits. On appeal, the Court concludes that the ALJ properly considered the medical evidence of record. The ALJ also gave specific, clear, and convincing reasons for discrediting Plaintiff's subjective complaints. The ALJ's decision is therefore affirmed and the matter is dismissed with prejudice.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

      Plaintiff filed applications for disability insurance and supplemental security income benefits on March 20, 2012, alleging disability with an onset

date of December 1, 2011. Administrative Record ("AR") 340-47, 348-53. After Plaintiff's applications were denied at the initial stage, an administrative hearing was held. Plaintiff, represented by counsel, appeared and testified. AR 92-116. On December 16, 2013, the ALJ issued an unfavorable decision. AR 170-80. Plaintiff's case was remanded by the Appeals Council for further proceedings in light of new evidence suggesting further limitations and to allow for adequate evaluation of Plaintiff's credibility. AR 188-90. The ALJ held a second hearing on August 6, 2014, and issued a partially favorable decision on September 29, 2014. AR 22-37.

In reaching this decision, the ALJ found that Plaintiff had the severe impairments of asthma; degenerative disc disease of the cervical and lumbar spinal areas; degenerative joint disease of the right shoulder; and pulmonary fibrosis. AR 29. But the ALJ found that the impairments did not meet or medically equal the severity of a listed impairment until January 16, 2014. AR 30. Because Plaintiff had sufficient quarters of coverage to remain insured only through December 31, 2013, the ALJ concluded that Plaintiff was not entitled to disability insurance benefits. AR 37. However, the ALJ found that Plaintiff was disabled for purposes of supplemental security income benefits after January 16, 2014. Id.

## II.
## ISSUES PRESENTED

The parties dispute whether, in finding that Plaintiff only became disabled in January 2014, the ALJ erred in (1) granting little or no weight to the treating physician, failing to properly consider clinical findings, and relying on the opinion of a non-examining medical adviser; and (2) failing to properly assess Plaintiff's credibility. See Joint Stipulation ("JS") at 7.

///
///

# III.
# DISCUSSION

## A. The ALJ Properly Considered and Weighed the Medical Evidence and Opinions

Plaintiff contends that the ALJ (1) improperly evaluated the opinion of her treating physician, Dr. Noobar Janoian; (2) failed to properly account for clinical findings tracing the onset of Plaintiff's respiratory limitations to at least 2012; and (3) improperly relied on the opinion of a non-examining medical adviser, Dr. Melvin M. Harter. See id. at 7-21.

### 1. Applicable Law

Three types of physicians may offer opinions in Social Security cases: those who directly treated the plaintiff, those who examined but did not treat the plaintiff, and those who did not treat or examine the plaintiff. See 20 C.F.R. §§ 404.1527(c), 416.927(c); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995), as amended (Apr. 9, 1996). A treating physician's opinion is generally entitled to more weight than that of an examining physician, which is generally entitled to more weight than that of a non-examining physician. Lester, 81 F.3d at 830. Thus, the ALJ must give specific and legitimate reasons for rejecting a treating physician's opinion in favor of a non-treating physician's contradictory opinion or an examining physician's opinion in favor of a non-examining physician's opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Lester, 81 F.3d at 830-31. If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. See Lester, 81 F.3d 821, 830 (9th Cir. 1996) (citing Baxter v. Sullivan, 923 F.3d 1391, 1396 (9th Cir. 1991)). However, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (citation

omitted); accord Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). The factors to be considered by the adjudicator in determining the weight to give a medical opinion "include the '[l]ength of the treatment relationship and the frequency of examination' by the treating physician; and the 'nature and extent of the treatment relationship' between the patient and the treating physician." Orn, 495 F.3d at 631 (quoting 20 C.F.R. § 404.1527(c)(2)(i)-(ii)); see also 20 C.F.R. § 416.927(c)(2)(i)-(ii).

### 2. The ALJ Did Not Err In Refusing to Give Controlling Weight to Dr. Janoian's Findings

Plaintiff's treating physician, Dr. Janoian, completed a questionnaire and set forth a series of limitations that would preclude Plaintiff from working. AR 709-16. The ALJ found that Dr. Janoian's opinion about the severity of Plaintiff's impairments "cannot be given controlling weight because it is without substantial support from other evidence of record." AR 34. The ALJ noted that the objective medical evidence, including Dr. Janoian's own progress notes, showed "mostly normal cardiovascular, musculoskeletal, neurological, and respiratory functioning and improvement in [Plaintiff's] conditions with treatment." AR 35. The ALJ concluded that, in the absence of objective support, "it appears Dr. Janoian relied heavily" on Plaintiff's subjective reports of symptoms, which the ALJ discounted. Id. Thus, the ALJ found that Dr. Janoian's opinions were entitled to "little probative weight." Id.

Plaintiff argues that the ALJ's reasons for discounting Dr. Janoian's opinions were not "specific and legitimate." JS at 16-19. The Court disagrees.

First, Plaintiff argues that Dr. Janoian's failure to conduct tests of her pulmonary functioning does not indicate that Plaintiff has normal respiratory functioning, arguing that "an absence of finding" is not the same as a "normal" finding. JS at 17. But the ALJ's conclusion was not based solely on Dr. Janoian's examinations, but also on the myriad of objective medical

4

evidence discussed in the opinion, "including Dr. Janoian's progress notes." See AR 33-35. Even if Plaintiff is right, the absence of tests would still indicate that Plaintiff failed to meet her burden of establishing disability. See Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005); Sullivan v. Zebley, 493 U.S. 521, 530 (1990) (noting burden of proof rests with claimant to provide and identify medical signs and laboratory findings that support all criteria for Step 3 impairment determination). Furthermore, neither Dr. Janoian's March 27, 2012 clinical findings nor any findings made after the date last insured support Plaintiff's claims about the extent of her limitations before January 16, 2014. It is well established that the mere diagnosis of a listed impairment "is not sufficient to sustain a finding of disability." Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990). At best, the record establishes that Plaintiff suffered from some respiratory impairment before her date last insured; however, it falls short of demonstrating that the ALJ's analysis of the objective medical evidence is not a specific and legitimate reason to discount Dr. Janoian's opinion.

      Second, Plaintiff challenges the ALJ's finding that the medical evidence showed "improvement in [Plaintiff's] conditions with treatment," AR 35, claiming that the finding was conclusory and not supported by objective evidence, JS at 18-19. Contrary to Plaintiff's argument, the ALJ cited multiple examples in the treatment records establishing improvement in her conditions with treatment. See AR 33.[1]

      Finally, Plaintiff claims that the ALJ falsely assumed that Dr. Janoian's opinions were "based upon an unquestioning reliance on [Plaintiff's] reports,

---

[1] The ALJ references treatment records from 2012, which indicated that Plaintiff's asthma symptoms improved, AR 526, that Plaintiff had been using her inhaler and reported that "her symptoms ha[d] been improving," AR 535, and that there had been "[n]o acute asthma exacerbation," AR 626.

without any corroborating medical evidence," pointing to evidence that corroborates Plaintiff's reported symptoms. JS at 19. However, the ALJ did not claim that Dr. Janoian relied entirely on Plaintiff's reported symptoms; nor did the ALJ assert that Plaintiff did not have impairments. Instead, the ALJ reasonably inferred that in the absence of objective medical evidence to support Dr. Janoian's conclusions about the severity of Plaintiff's impairments, Dr. Janoian relied heavily on Plaintiff's subjective reports. Therefore, Plaintiff's evidence showing that her impairments existed in 2012 does not demonstrate that the ALJ's findings were erroneous.

Accordingly, the Court finds that the ALJ offered specific and legitimate reasons supported by substantial evidence in the record for refusing to give Dr. Janoian's findings controlling weight. See Lester, 81 F.3d at 830-31.

### 3. The ALJ Did Not Err In Considering Plaintiff's Treating Record

Plaintiff contends that the ALJ erred in "not properly accounting for clinical findings tracing the onset of her respiratory limitations to at least 2012." JS at 7; see JS at 21. Specifically, Plaintiff claims (JS at 21) that the ALJ failed to consider the following relevant medical evidence: (1) a medical report from the hospital admission on January 16, 2014, which acknowledged that Plaintiff's baseline pulmonary function was that she was short of breath ("SOB") with exertion, AR 750; (2) a report from Dr. Tirmizi which noted that Plaintiff had been having symptoms of SOB and "apparently has had Xray showing pulmonary disease since 2012," AR 743; and (3) a treatment report from February 19, 2014, which noted that "[t]he patient states that over the past several months, she has had her activity limited by respiratory distress and dyspnea with exertion. This began in 2012," AR 747.

The ALJ noted that the record shows that Plaintiff has a history of respiratory problems and complained of symptoms to treatment providers

between 2011 and 2013. AR 32. The ALJ also took note of complaints of symptoms worsening in 2013, a 2012 examination revealing mild wheezing and prolonged expiratory phase, and a 2012 imaging study revealing evidence of interstitial markings in the lungs suggestive of chronic pulmonary interstitial disease. Id. Therefore, the ALJ has not ignored probative medical evidence of Plaintiff's pulmonary impairments. The evidence that Plaintiff claims the ALJ erroneously disregarded either provides information already evident in other medical records considered by the ALJ or is based on self-reported symptoms, which failed to establish an earlier onset date. Furthermore, the ultimate determination as to whether a claimant is disabled is an issue reserved to the Commissioner. See 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1). Therefore, because these reports were not highly probative of Plaintiff's disability onset date, the ALJ was not required to directly address them. See Howard v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (noting that an ALJ is not required to discuss every piece of evidence). Accordingly, the ALJ properly considered the clinical findings.

    **4.    The ALJ Properly Weighed the Opinions of the Consultative Physician**

Plaintiff contends that the ALJ improperly relied on the opinions of non-examining medical adviser, Dr. Harter. See JS at 20-21. Plaintiff argues that because Dr. Harter admitted to being influenced in his analysis by the questions asked by Plaintiff's counsel and the ALJ, all of his opinions were biased and should be given no weight. JS at 20.

The Court finds that the ALJ thoroughly analyzed Dr. Harter's opinions and gave proper weight to each of Dr. Harter's conclusions. The ALJ gave little weight to Dr. Harter's opinion regarding Plaintiff's ability to finger and perform postural activities and Plaintiff's ability to use the entire right upper extremity on an occasional basis because "the objective medical evidence" was

insufficient to support those conclusions. AR 34. The ALJ also gave little weight to Dr. Harter's opinion regarding the number of days of work that Plaintiff would miss due to her impairments because he admitted that his opinion was "influenced by questions from" the ALJ and Plaintiff's counsel. Id. However, the ALJ properly gave significant probative weight to Dr. Harter's opinion about Plaintiff's ability to perform exertional activities and tolerate environmental irritants because they are supported by the objective medial evidence and Dr. Harter had the opportunity to review and consider the evidence. Id.; see 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) (providing that more weight given to opinions that are consistent with other evidence of record); Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) ("Opinions of a nonexamining, testifying medical advisor may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it.").

     In sum, the ALJ did not err in her consideration of the medical evidence and the physicians' opinion. Reversal is not warranted on this basis.

**B.    The ALJ Properly Assessed Plaintiff's Credibility**

     Plaintiff contends that the ALJ failed to provide clear and convincing reasons to support the finding that Plaintiff's claims about the severity of her symptoms before January 2014 are not entirely credible. See JS at 26-30.

     **1.    Applicable Law**

     To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009) (citing Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. Lingenfelter, 504 F.3d at 1036 (quoting Bunnell v. Sullivan,

947 F.2d 341, 344 (9th Cir. 1991) (en banc)). "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." Bunnell, 947 F.2d at 345. To the extent that an individual's claims of functional limitations and restrictions due to alleged pain are reasonably consistent with the objective medical evidence and other evidence, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186 at *2 (explaining 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)).

If the claimant meets the first step and there is no affirmative evidence of malingering, the ALJ must provide specific, clear, and convincing reasons for discrediting a claimant's complaints. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006) (citing Smolen v. Chater, 80 F.3d 1273, 1283-84 (9th Cir. 1996)). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (quoting Lester, 81 F.3d at 834). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of the claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. Smolen, 80 F.3d 1273 at 1284 & n.8. The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. Id. (citations omitted).

**2. Analysis**

Plaintiff alleges that she has been limited in her ability to work since December 1, 2011 due to asthma, osteoarthritis, hypertensive cardiovascular, hypertension, lumbar spine impairment, and degenerative disc disease. AR 383-84.

The ALJ gave clear and convincing reasons for finding that Plaintiff's subjective claims were not entirely credible, each of which is supported by substantial evidence in the record. First, after extensively discussing Plaintiff's medical records, the ALJ noted that "the objective medical evidence does not support [Plaintiff's] allegations regarding the seriousness of her conditions prior to January 16, 2014." AR 32. Specifically, the ALJ noted that imaging studies did not reveal significant anatomical abnormalities. Id. Additionally, the ALJ noted that the record does not contain electrodiagnostic studies or pulmonary function tests performed during the insured period to support Plaintiff's allegations of radicular symptoms in her right hand and serious breathing problems. Id. Although a lack of objective medical evidence may not be the sole reason for discounting a claimant's credibility, it is nonetheless a legitimate and relevant factor to be considered. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2011) (citing 20 C.F.R. § 404.1529(c)(2)). Moreover, a claimant's self-reported symptoms "shall not alone be conclusive evidence of disability." 42 U.S.C. § 423(d)(5)(A). Here, the ALJ points to specific medical evidence that contradicted Plaintiff's complaints about her limitations and functional restrictions, and, without pulmonary function tests to support her allegations, the ALJ reasonably refused to grant full credibility to Plaintiff's self-reported symptoms.

Second, the ALJ found that clinical findings in the record were largely unremarkable. AR 32. Specifically, the ALJ cited multiple records and noted that the physical examinations performed by treatment providers between 2011 and 2013 did not reveal significant musculoskeletal, neurological, or respiratory deficiencies. AR 33. Citing Dr. Alleyne's reports and findings as well as physical examinations and observations by treatment providers at Olive View Medical Center ("OVMC"), the ALJ found that "[c]umulatively, the objective medical evidence does not support" the conclusion that Plaintiff was

incapable of basic work-related activities. Id.

Plaintiff claims that the ALJ failed to recognize that, during the insured period, Plaintiff's persistent respiratory complaints were supported by x-ray and clinical evidence, and also contends that the ALJ's citation to Dr. Alleyne's findings were "disingenuously selective." JS at 28. However, these claims are unfounded as the ALJ expressly noted the x-ray and clinical evidence cited by Plaintiff. See AR 32. Also, the ALJ noted all of Dr. Alleyne's applicable findings. See id.

Finally, the ALJ found that Plaintiff's complaints were inconsistent with the treatment she was receiving. AR 33. The ALJ noted that treatment providers prescribed pain medication and recommended conservative treatment with none of them recommending aggressive treatment such as steroid injections or surgery. Id. Additionally, the ALJ noted that Plaintiff's treatment providers at OVMC observed improvement in her range of motion. Id. With respect to Plaintiff's asthma, the ALJ noted that Plaintiff reported "only sporadic asthma exacerbation" and in May 2012, a treatment provider indicated that Plaintiff's symptoms had improved with treatment. Id. Also, in September and November 2012, Plaintiff admitted to a treatment provider that "she had not experienced an 'acute asthma exacerbation.'" Id.

Plaintiff argues that the lack of more aggressive treatment does not reflect on Plaintiff's credibility and that the failure of doctors to recommend shoulder surgery does not imply that Plaintiff had "no difficulty using that shoulder." JS at 29. Plaintiff also argues that the ALJ's conclusion that Plaintiff's asthma symptoms were controlled is based on a misconception because her respiratory impairments stem from interstitial lung disease and/or pulmonary fibrosis, not asthma. Id. However, the source of Plaintiff's respiratory impairment does not diminish the relevance of her self-reported claims that her respiratory symptoms were improving with treatment, that she

only experienced "some flares" of the asthma due to changes in the weather, and that she did not experience "acute asthma exacerbation." AR 33 (citing AR 529, 535, 626). Moreover, evidence of conservative treatment is sufficient to discount Plaintiff's testimony regarding severity of impairment. See Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007) (citing Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995)). Furthermore, the ALJ never claimed that Plaintiff had no difficulty using her shoulder, but simply that the lack of recommendation of more aggressive treatment indicated that Plaintiff's symptoms were not as severe as she alleged. See Walter v. Astrue, No. 09-1569, 2011 WL 1326529, at *3 (C.D. Cal. Apr. 6, 2011) (finding that ALJ permissibly discounted plaintiff's credibility based on conservative treatment, including medication, physical therapy, and single injection); Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008); see also Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989) (finding that claimant's allegations of persistent, severe pain and discomfort were belied by "minimal conservative treatment").

On appellate review, the Court does not reweigh the evidence regarding Plaintiff's credibility. Rather, this Court is limited to determining whether the ALJ properly identified clear and convincing reasons for discrediting Plaintiff's credibility, which the ALJ did in this case. Smolen, 80 F.3d at 1283-84 (citation omitted). It is the ALJ's responsibility to determine credibility and resolve conflicts or ambiguities in the evidence. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989) (citations omitted). If the ALJ's findings are supported by substantial evidence, as here, this Court may not engage in second-guessing. See Thomas, 278 F.3d at 959 (citing Morgan, 169 F.3d at 600); Fair, 885 F.2d at 604. It was reasonable for the ALJ to rely on all of the reasons stated above, each of which is fully supported by the record, in rejecting Plaintiff's subjective complaints. Reversal is therefore not warranted on this basis.

# IV.
# CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated: May 9, 2016

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge